Wardlaw, J.
delivered the opinion of the Court.
Of the many grounds of appeal, the only one which has been relied upon in argument here, is the first. Under that it has been urged that Mr. Young, who was nominated as executor of the will in question, was examined concerning the execution of the will; that, without his testimony, the jury might not have found the will proved; and that although he solemnly renounced immediately after the death of the testator, he was still an incompetent witness to prove the execution.
This Court is of opinion that the execution of the will was sufficiently proved without the testimony of Mr. Young; and some of the Court think that this is a sufficient answer to the objection which has been made. But others think it was the province of the jury to judge of the sufficiency of testimony, and that it is necessary, in support of the verdict, to sustain the competency of testimony, admitted to go to the jury, which was so influential and positive as that of Mr. Young.
Whether one who was not an attesting witness to a will, but was nominated as executor, and renounced before inter-meddling. can prove the execution, is altogether different from the question whether one nominated as executor is a competent attesting witness: which latter question was considered in Taylor v. Taylor. In Durant v. Ashmore, Mr. Law, who had renounced the executorship, was admitted as a witness in favor of the will; but there a new trial was ordered, — upon another ground to be sure-; and there Mr. Law was an attesting witness, although there were three besides him; and there the authoritative decision seems to be only that he was competent to prove the contents, although the Judge who pronounced the opinion had no doubt that he was equally competent to prove the execution. The question now presented, may then be said not to have been heretofore absolutely settled in this State.
Why was not Mr. Young a witness as fully competent as any other person 1 The statutes regulating the execution of wills do not embrace him, for they speak only of attesting witnesses, and refer questions of their competency to the time of attestation. If he had no interest at the time of his examination, the common law does not exclude him, either for an interest he before had, (as every case where a witness’s interest is released shews,) or for an interest he may hereafter acquire, (as is illustrated by the case of one who, after proving a will, married the chief legatee.) No interest, how *293 ever minute, could have been imputed to him after his renunciation. If he had intermeddled with the estate, so as to incur any liability, he was not, according to law, entitled to renounce: the renunciation itself is the highest and best evidence that he had not intermeddled. Without adverting to the fact that his renunciation immediately followed the death of the testator, it is enough to see that he, in this respect, stands like any one else, against whose competency there is only the suggestion of a possibility that there may be evidence to shew that he has become liable as executor de son tort. It is true that after the death of an executor, who has received probate, an executor who had previously renounced, may claim grant of probrate; but the chance that an executor who has renounced, may survive his co-executor, and then retract his renunciation and receive probate, is too remote and uncertain to constitute a disqualifying interest.
5 Barn, and Cres. 335: 1 W. Blac. 365. Doug.-.
3 Adams, 272; 2 Eng. Ec. Rep. 527; 3 Hagg. 212; 5 Eng. Ec. Rep. 82.
Various cases might be cited, as furnishing some authority on the question now under consideration, most of which were commented upon in some of the various opinions delivered in Taylor v. Taylor.
Wood v. Teague, Loire v. Joliffe, and Fowler v. Wilford, shew that an executor, without beneficial interest, who was not an attesting witness, has been, at all times, since the statute of frauds was enacted, admitted in England to sustain a will, in a contest between heir and devisee; but those and other such cases may be said to depend upon the principle, that a witness, having an interest in the question, only is admissible in a litigation between other persons, which as to him is res inter alios acta. Thompson v. Denon, Donnell v. Prendergast, shew that before the late Stat. 1 Vict. ch. 26, in the Ecclesiastial Courts in England an executor was allowed to renounce, in order to become a witness, in support of a testament, and then, after proof of the will, to retract the renunciation for the benefit of the estate; but these cases may be said to be inapplicable, where a statute requires attesting witnesses to a testament.
The present decision is therefore rested upon general principles, rather than upon authority, — upon the rule that every one is competent as a witness, who is not liable to exclusion upon any established ground of incompetency.
The motion is dismissed.
The whole Court concurred.

Hotion refused.